UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | 99-cv-4558 (ARR) |
| Plaintiff, | |
| — against — | **Opinion & Order** |
| Charlene Crosland, | **Not for electronic or print publication** |
| Defendant. | |

ROSS, United States District Judge:

Charlene Crosland is moving to vacate a default judgment entered against her in 1999 on grounds of improper service. She alleges that she was never served with the summons and complaint in this action, and that she had not lived at the address where service was purportedly made for over a year. She only received notice that a default judgment had been entered for purportedly failing to pay her student loans when she learned that she was subject to a lien on her taxes in 2016. For the following reasons, her motion to vacate the default judgment is granted.

## BACKGROUND

On August 6, 1999, the United States (represented by Mullen & Iannarone) sued Ms. Crosland for $5897.04 in student loans that it alleged that she owed. Compl. ¶ 3, ECF no. 1. The plaintiff effected service of the summons and complaint by affixing them to the door of her residence in Brooklyn on September 21, 1999, after having twice tried to serve her there in person. Am. Aff. of Service, ECF no. 3. Plaintiff also mailed a copy of the summons and complaint to her at this address. *Id.* Ms. Crosland did not answer, and the plaintiff moved for default judgment. Mot. for Default J., ECF no. 4. This motion was granted six days later. Dec. 16, 1999 Order.

Ms. Crosland, however, did not live in Brooklyn in September 1999. Aff. of Charlene Crosland in Supp. of Mot. ¶ 4 ("Crosland Aff."), ECF no. 6-1.[1] As shown by the deed to her house, she has lived in Nassau County since April 1998. *Id.* & Ex. C ("Deed"), ECF No. 6-6.

Crosland first learned of the lawsuit against her in June 2016, when she received a copy of a title report from her mortgage loan servicer, listing two federal tax liens entered against her in March 2015. *Id.* ¶ 5. She submitted a loan discharge application to the U.S. Department of Education in July 2016, denying that she had taken out student loans. *Id.* ¶ 8. In response, the Department of Education sent her a letter stating that she had attended the Crown Business Institute in Miami in 1988. *Id.* ¶ 9. She replied to this letter, "providing proof that [she] did not attend the Crown Business Institute in Miami and that [she had] never lived in Miami." *Id.* ¶ 11. In fact, at the time she was supposedly attending this school in Miami, she was working full time for the New York City Department of Education. *Id.* ¶ 10. Nonetheless, the Department of Education denied her application for a loan discharge. *Id.* ¶ 11.

On May 29, 2018, Crosland filed a motion with this Court to vacate the default judgment. This case was reassigned from the original presiding judge, the Honorable Charles Sifton, to me. I ordered the plaintiff to show cause why this motion should not be granted, but no one ever responded. June 1, 2018 Order.[2]

## DISCUSSION

A district court "may relieve a party . . . from a final judgment, order or proceeding" when, *inter alia*, "the judgment is void." Fed. R. Civ. P. 60(b). A judgment is void under Rule 60(b)(4) if

---

[1] As Crosland's motion is both uncontested and supported by documentary evidence, I will accept its factual allegations and supporting affidavit as true for purposes of this motion.

[2] As the attorney of record for the plaintiff is apparently no longer practicing law, my law clerk called his former firm— Mullen & Iannarone—to inform them of this order on June 1, 2018.

2

the court that rendered it lacked personal jurisdiction over the parties. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (quoting *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006)). For a district court to exercise personal jurisdiction, "the plaintiff's service of process upon the defendant must have been procedurally proper." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). And "if the underlying judgment is void for lack of jurisdiction, 'it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'" *Mickalis Pawn Shop, LLC*, 645 F.3d at 138 (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). Further, although "Rule 60(b) states that '[t]he motion must be made in a reasonable time' . . . , for all intents and purposes, a motion to vacate a default judgment as void 'may be brought at any time.'" *Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 60(b), and *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997)).

Rule 4(e) governs the procedure for service of individuals. This rule states that proper service may be effected by, *inter alia*, "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4. Here, the plaintiff purported to have served Crosland with the summons and complaint under New York's "nail and mail" provision. *See* Am. Aff. of Service, ECF no. 3. Under this procedure, if personal service or substituted service "cannot be made with due diligence," New York law allows a plaintiff to effect proper service "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at his or her last known residence." N.Y. C.P.L.R. 308(4).

Notably, this "provision of the CPLR permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the 'nailing' be done at the

defendant's 'actual place of business, dwelling place or usual place of abode.'" *Feinstein v. Bergner*, 397 N.E.2d 1161, 1163 (N.Y. 1979). While the distinction between "dwelling place" and "usual place of abode" may be unclear, "there has never been any serious doubt that neither term may be equated with the 'last known residence' of the defendant." *Id.* Thus, where a summons is "affixed to the door of defendant's last known residence rather than his actual abode" the service is ineffective, even if the defendant "subsequently receive[s] actual notice of the suit." *Id.* at 1164.

Here, the plaintiff did not effect proper service on Crosland. The unrebutted evidence shows that she had not lived at the address where plaintiff affixed the summons and complaint for over a year. *See* Crosland Aff. ¶ 4; Deed. This address may have been her "last known residence," but it certainly was not her actual "dwelling place or usual place of abode" as of September 1999.

Since the plaintiff did not effect proper service under the CPLR, this Court did not have personal jurisdiction over Crosland. Accordingly, the judgment entered against her is void, and I must grant her motion to vacate the default judgment under Rule 60(b)(4). *See Local 78, Asbestos, Lead & Hazardous Waste Laborers v. Termon Constr., Inc.*, No. 01 Civ. 5589, 2003 WL 22052872, at *3, *5 (S.D.N.Y. Sept. 2, 2003).

## CONCLUSION

For the foregoing reasons, Crosland's motion to vacate default judgment is granted. The Clerk of Court is directed to vacate the entry of default judgment against Charlene Crosland.

So ordered.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: June 18, 2018
Brooklyn, New York

4